State ex rel. Stinson vs. Recorder.

## No. 10,376.

STATE OF LOUISIANA EX REL. AGNES STINSON VS. W. B. MURPHY, RECORDER.

1. If, in a prosecution, under a city ordinance. in a recorder's court in the City of New Orleans, there is a *bona fide* and timely contestation in regard to its legality and constitutionality, antecedent to trial had, or judgment being pronounced thereon, the condemned defendant is entitled to an appeal, and, upon his distinct and emphatic refusal thereof, mandamus will lie against him to compel its allowance.

2. A recorder's court in the City of New Orleans, is not a court of record, and there is no legal prohibition against a defendant, in a cause therein depending, from urging pleas or defenses orally.

APPLICATION for *Certiorari*, Mandamus and Prohibition.

*McMahon & Pratt* for the Relatrix.

The opinion of the Court was delivered by

WATKINS, J. The petition of the relatrix assigns the following grounds of complaint against the respondent, as entitling her to relief, viz:

That she was arrested on a charge of having violated Ordinance No. 7141 A. S. of the City of New Orleans, relative to persons keeping houses of ill-fame or prostitution; that, on the 14th of April, 1889, upon the trial of said charge before the respondent, her counsel tendered a motion to quash and set aside the proceedings, on the ground that the court had no jurisdiction of said cause, for the reason that a statute had been enacted by the General Assembly, upon the same subject-matter as that covered by said ordinance, and whereby it was superceded and rendered inoperative; and if not superceded, same was in violation of Article 2 of the Constitution, and therefore void; that notwithstanding the timeliness of the offering of said motion, it was arbitrarily declined by the respondent, who refused to permit same to be filed, and *at once* proceeded to hear, determine and adjudge the case against her, and sentenced her to pay a fine of twenty-five dollars, or, in default of payment, that she should be imprisoned for thirty days; and that, she applied for a suspensive appeal to this court, and said application was arbitrarily and illegally denied.

Therefore she avers " that writs of *mandamus* and *certiorari* are necessary in the premises, and that unless granted, she will suffer an irreparable injury," and she prays for their issuance, and asks that the respondent be prohibited and restrained from any further proceedings in the case, during the pendency of this suit.

Her substantial and affirmative declaration is " that the action of the

State ex rel. Stinson vs. Recorder.

court aforesaid amounts to, and constitutes a denial of justice," from which she is entitled to relief at our hands.

The respondent returns that he transmits the original affidavit against the relatrix, with the judgment thereon indorsed, and avers "that the same constitutes the sole and only paper of record in the case before him," and he denies that a motion to quash was ever presented to him · on the trial of the case, and was only presented *after* the trial, and when judgment had been rendered, and that, for that reason alone, he declined to permit same to be filed.

But he admits "that during the progress of the trial before him, the relatrix' counsel excepted to the jurisdiction of the court, and the legality and constitutionality of the ordinance, but did not offer to file any paper or document."

From this it appears there was a *bona fide* and ti nely " contestation " in the respondent's court, antecedent to trial and judgment, in respect to the constitutionality and legality of the ordinance under which the relatrix was being prosecuted. That these objections were not formally reduced to writing and tendered to the court for filing *before* the trial, or *at all*, is of no significance, because the respondent's is not a court of record. No part of the proof or pleadings are reduced to writing or filed in a recorder's court.

That this motion was made *orally* before the trial, furnishes no sufficient reason why it should not have been considered by the respondent. The same was formally brought to his attention seasonably and in due time for his consideration of it, and it was his duty to have passed upon the plea. There was a contestation raised upon this issue. Doubtless the subsequent preparation of the written motion, and its tender for filing, were only intended to serve the purpose of an appeal, or of the present application.

City of New Orleans vs. Hill, 32 Ann. 1161, and State of Louisiana vs. Tsni Ho et al., 37 Ann. 50, cited by the respondent, are inapplicable to this case, because there was no controversy in the recorder's court from which those *appeals* were prosecuted.

In the latter the court employed this language, viz:

" It is obvious that the ' contestation' referred to in the Constitution must have existed in the lower court, and the fact of its *existence* must affirmatively appear on the face of the record."

The case of State *ex rel.* Lamarque vs. Recorder, 39 Ann. 319, rests mainly on the fact that the relator had plead guilty and after sentence had voluntarily paid the fine. The opinion is concluded with this observation, viz;

" The payment made without qualification, must be viewed as made voluntarily. C. P. 567. Under such circumstances the relator must be denied the right of appeal."

Relatrix has fully shown her right of appeal from the adverse judgment and sentence pronounced against her. If, in fact, the ordinance under which she was prosecuted was or is illegal and unconstitutional, the judgment and sentence thereunder pronounced by the respondent are void, and her punishment unwarranted. She is clearly entitled to an appeal therefrom, suspensively or devolutively, if she contested the constitutionality or legality of the ordinance in due time—in ample time for the respondent to have examined and decided this issue. This was done, and we think it was error on the part of the respondent to have declined to permit an appeal from the judgment he rendered. The law, in its kindness, "favors the liberty of the citizen," and the prosecution of appeals allowable under its provisions. State vs. Labatut, 39 Ann. 513.

The *certiorari* has served its purpose in bringing up the original record, and the prohibition, likewise, in restraining the execution of the judgment complained of.

The writ of mandamus must, therefore, be made peremptory.

It is, therefore, ordered and decreed that the relief prayed for be granted and the writ of mandamus be made peremptory, commanding the respondent to grant an appeal in favor of the relatrix in the suit, and prosecution entitled the *State* vs. *Agnes Stinson, alias Robinson*, on compliance with the provisions of law applicable to appeals, and that he be taxed with cost.